CLAUDE CHANDLER, *Appellant,* V. CHESTER Y. AUSTIN
et al., *Appellees.*

No. 18,284.

SYLLABUS BY THE COURT.

EJECTMENT—*Action Based on Plaintiff's Own Turpitude—No Recovery.* The owner of certain land conveyed it to R., who did not record his deed. Afterwards a holder under a void tax deed quieted his title as against a defendant of the same surname as the grantee in the conveyance, and the title thus quieted was subsequently purchased for $800 by the defendant, who placed lasting and valuable improvements upon the land. C. by deceit then procured from the orginal owner a deed for $15 and sought to eject the defendant. *Held,* that C. is barred from recovery by virtue of the maxim *"Ex turpi causa non oritur actio."*

Appeal from Kearny district court. Opinion filed June 7, 1913. Affirmed.

*H. O. Trinkle,* of Garden City, for the appellant.

*Thomas A. Scates,* and *Albert Watkins,* both of Dodge City, for the appellees.

The opinion of the court was delivered by

WEST, J.: The peculiar facts of this case appear to call for the application of an ancient maxim of the law.

In 1888 Mitchell entered the land in controversy and in October he conveyed it to one Rosebury, whom he never saw afterwards. In September, 1893, the land was sold for taxes and a tax deed, void on its face, was issued to Gilbert, from whom, through mesne conveyances, defendant Austin holds, having paid $800 for his interest. Austin went into possession by tenant and proceeded to put upon the land lasting and valuable improvements. Rosebury's deed was never recorded, and in 1903 an owner of the present Gilbert interest quieted his title against Jesse P. Rosebury and Mrs. Jesse P. Rosebury, his wife. Whether or not this is the

same Rosebury to whom Mitchell conveyed is not known. September 9, 1911, the plaintiff, Chandler, wrote Mitchell that he had recently sold this land, but finding that Mitchell had a slight cloud upon its title, to remove which would cost about $15, and preferring to pay this sum to Mitchell rather than spend it for court fees, a deed was inclosed for execution and return to a bank, which would remit the money. A clause had been inserted in the instrument stating that Mitchell had never conveyed the land by deed to any one, but thinking better of it, Chandler erased this clause before forwarding the deed. Shortly after receiving this deed, executed by Mitchell, Chandler brought this action in ejectment and testified that when he secured the deed he knew there was an outstanding tax title, but that it was invalid, and that the tax lien would be in the neighborhood of $55 or $60; that he did not examine the land or converse with Austin's tenant thereon, and was not sure he had ever seen the land; that he had been interested in some 200 or 250 quarters and had been looking out for snaps.

The defendants took the position in the court below that Chandler had in law been assuming to straighten up the title, and had expended $15, and that, having acted *ex mero motu* and also *ex maleficio,* he ought to be deemed a holder for the real owner, who, in order to do equity, offered to pay the $15 into court for Chandler's benefit, which by order of the court was done.

The plaintiff appeals from the judgment, which was adverse to him, and contends that as the Rosebury deed was never recorded he therefore received a conveyance from the record owner which is good as against a void tax deed; that it can not be assumed or presumed that the Rosebury against whom the title was quieted was the same Rosebury who purchased from Mitchell, and that Austin paid out his money with his eyes open and should not be permitted to prevail.

. The defendants maintain that as Mitchell had no title, he could convey none to Chandler; that his original title had been barred by the decree, and that the conduct of the ' plaintiff constitutes him a trustee for the defendants.

Without endeavoring to consider in detail these various suggestions, we deem it sufficient to say, and we hold, that the plaintiff has brought himself clearly within the maxim that one can not maintain an action based upon his own turpitude.

The judgment is affirmed.